RECEIVED
IN LAKE CHARLES, LA

JAN 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRADY D. WILLIAMS** | : | **DOCKET NO. 02-1072** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WACKENHUT CORRECTIONS CORP., ET AL** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Appeal Magistrate Judge Ruling of November 7th, 2005 Requesting Defendants to Comply with Plaintiff's 'Motion for Production of Documents' (Doc. #122)" (doc. #137) filed by *pro se* Plaintiff, Brady D. Williams. In his motion, Plaintiff refers to an "Order"[1] issued by Magistrate Judge Alonzo Wilson on May 2, 2005 which he interprets as requiring the Defendants to comply with Plaintiff's Discovery Motion filed on April 27, 2005. The Discovery Motion sought to have the court compel Defendant to produce copies of affidavits, statements, and depositions taken of Nurse Judge Clement, Dr. James Sandefur, Dr. James Simon, Justin Drake, Sir Knight Ricard, Lt. Billy Gray, and Warden O. Kent Arndrews, as well as any and all documents submitted to Attorney Benji J. Istre by Attorney Sam Gabb between December, 2004 and April, 2005. The motion Plaintiff refers to is actually a minute entry that orders the Defendant to respond by indicating whether he has such affidavits, statements, and/or depositions from the above-named persons, whether these documents have been produced, and, if not, the reason for the failure to produce.

As stated by the Magistrate in his order dated, July 11, 2005, Defendant, through counsel, properly responded to the minute entry stating that;

1. All affidavits or statements taken of any person in this matter have been produced to

---

[1] The docket sheet for the instant case reveals a May 20, 2005 Minute Entry issued by Judge Wilson.

       the plaintiff on at least one prior occasion;

2. The request for deposition transcripts is not a proper discovery request, and that the plaintiff may obtain a copy of any deposition transcript from Nat Douget Court Reporters in Lake Charles upon payment for the transcript; and

3. Any materials provided by the defendant to the plaintiff's former attorney, Benji Istre, can be obtained by plaintiff from Mr. Istre.

In his July 11, 2005 order which denied Plaintiff's motion to compel discovery, Judge Wilson determined that Defendant should not be required to bear the cost of producing discovery material which is available to Plaintiff. Plaintiff also filed a letter which was construed as a Motion for Copy and Information, wherein Plaintiff requested from the Clerk of Court a stamped copy of a "Motion Requesting Defendants to Comply with Court's Order" allegedly filed on June 27, 2005. This motion was partially denied on August 15, 2005[2]. Plaintiff then filed a Motion for Reconsideration which was denied on November 7, 2005.

Plaintiff now seeks to have this Court reverse Judge Wilson's orders[3]. He incorrectly states that Defendant violated the May 2, 2005 order (minute entry) by refusing to give Plaintiff the deposition transcripts, statements and affidavits requested in the April 27, 2005 discovery motion. Defendant fully complied with the minute entry on May 20, 2005 through his "Response to Plaintiff's Request for Production" and "Memorandum in Response to Minute Entry." See document no. 127.

As previously stated by Judge Wilson, Plaintiff is not legally entitled to free copies of deposition transcripts. Plaintiff can purchase copies of any deposition transcript from Nat Douget Court Reporters in Lake Charles.[4] Plaintiff can request from his former attorney a copy of his entire file which would include copies of discovery materials already produced. Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that the motion to appeal the November 7, 2005 Order which denied the Motion for Reconsideration of the July 11, 2005 and August 15,

---

[2] Judge Wilson granted the motion to the extent that Plaintiff requested Nat Douget Court Reporters address.

[3] Both the August 15, 2005 and November 7, 2005 orders.

[4] Plaintiff was provided with the Reporters' address in an Order dated August 15th, 2005.

2

2005 orders is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 11th day of January, 2006.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE